1  **THE HONORABLE LONNY R. SUKO**

2
FILED IN THE
U.S. DISTRICT COURT
3  EASTERN DISTRICT OF WASHINGTON

**OCT 02 2009**
4
JAMES R. LARSEN, CLERK
5  _____ DEPUTY
RICHLAND, WASHINGTON

6

7

8

9
IN THE UNITED STATES DISTRICT COURT FOR
10  THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

11
JAMES S. GORDON, JR., Franklin          NO.  CV-08-5074-LRS
12  County, Washington,  Plaintiff,

13  v.

14  COMMONWEALTH                          DECLARATION IN SUPPORT OF
PLAINTIFF'S CROSS MOTION FOR
15  MARKETING GROUP, INC.,                PARTIAL SUMMARY JUDGMENT
AND JOHN DOES 1-10,
16
17  Defendants,

18  v.

19
IMG ASSOCIATES, LLC, a
20  Georgia limited liability company,

21  Third Party Defendant

22
TO: CLERK OF THE COURT
23
AND TO: COUNSEL FOR DEFENDANTS
24

25

26

27

28
DECL SUPP X MTN 4 PSJ              Page 1 of 5

001

# DECLARATION

1. I, James S. Gordon, Jr., am over the age of 18 and competent to testify.

2. I am the plaintiff in the above-captioned complaint.

3. Mr. Fonzo's declaration [Exhibit D] is attached as an exhibit to defendant's motion for summary judgment.

4. The date in Mr. Fonzo's Ex. D represents one of the notification dates – according to the language of the Can-spam statute -  after which defendant is prohibited from contacting recipient once the 10-day "waiting" period expires.

5. Attached as **EXHIBIT A** is a letter from defendant's CEO to IMG demanding the cessation of emails to plaintiff.

6. I wrote the March 27, 2006 certified letter that was sent to defendant –even though Bonnie Gordon's signature is on the document. **EXHIBIT B**

7. Attached as **EXHIBIT C** is the discovery supplied by defendant [opt-out records] in the first Gordon v. Commonwealth lawsuit from December 2003.

8. Attached as **EXHIBIT D** are two exemplars of emails which have the same domain in the "from field" and the "to field".

9. This "sleight of hand" by spammers gives the appearance that defendant's commercial email is being received by the sender.

DECL SUPP X MTN 4 PSJ                    Page 2 of 5

002

10. In each case, defendant uses plaintiff and/or plaintiff's customers' domains without permission.

11. Attached as **EXHIBIT E** are domain ownership or Whois records of plaintiff and two of plaintiff's customers.

12. James S. Gordon III did not give defendant permission to send him commercial email ads at his domains.

13. James S. Gordon III did not give defendant permission to use his domain names in its commercial email ads.

14. Bonnie F. Gordon did not give defendant permission to send her commercial email ads.

15. Bonnie F. Gordon did not give defendants permission to use her domain name in its commercial email ads.

16. I did not give defendant permission to use my domains or to send commercial email to my domains, i.e. gordonworks.com, omniinnovations.com, greatnorthwest-alpha.org, or rcw19190020.com

17. I was the plaintiff in Gordon vs. Virtumundo, which was decided in favor of defendant, Virtumundo on or about May 15, 2007.

18. On or about November 14, 2007, Virtumundo et al executed a writ – seizing plaintiff's personal and business property, case # 07-2-50898-1 in Franklin County Superior Court.

003

19. The business property that was seized included business computers and back-up hard drive containing the records and communications of plaintiff's customers.

20. Plaintiff filed a preservation of evidence document on the record in the second Gordon vs. Virtumundo lawsuit – demanding that Virtumundo et al preserve the data seized under writ. **EXHIBIT F**

21. Virtumundo subsequently destroyed the hard drives containing evidence in at least seven on-going federal lawsuits. **EXHIBIT G**

22. Virtumundo is a former (and perhaps current) business partner of defendant's exclusive marketing agent, Impulse Marketing Group – the third party defendant, above. **EXHIBIT H**

23. Commonwealth Marketing Group, Inc. is a beneficiary of this destruction of evidence as offending emails and the analyses of same were destroyed by Virtumundo.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 1st day of October, 2009.

James S. Gordon, Jr.
9804 Buckingham Drive
Pasco, WA 99301
509-210-1069

DECL SUPP X MTN 4 PSJ                Page 4 of 5

1
2
## **CERTIFICATE OF SERVICE**
3
    I, hereby, certify that on October 1, 2009, I filed this document with the
4
Court and mailed a copy to counsel for Defendant and third party defendant.
5
6
7
_____
8
James S. Gordon, Jr.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECL SUPP X MTN 4 PSJ                        Page 5 of 5

**EXHIBIT A**

**CMG**
Commonwealth
Marketing Group

One Millennium Drive
Uniontown, PA 15401
Phone: (724) 437-3707

February 9, 2004

Jeff Goldstein                    Facsimile: (678) 805-2101
Impulse Marketing Group, Inc.
Five Concourse Parkway, Suite 950
Atlanta, GA 30328

Re:  James S. Gordon, Jr. v. Commonwealth Marketing Group, Inc.

Dear Jeff:

Commonwealth Marketing Group, Inc. (CMG) hereby gives notice to Impulse Marketing
Group, Inc. (IMG) to immediately cause IMG affiliated marketers, offerclicks and
freebiegazette, to cease representing, in any and all manner whatsoever, IMG on behalf of
CMG, unless and until IMG provides CMG with assurance that it has caused all of its
affiliated marketers, including the two mentioned above, to cease and desist from sending
messages, to the gordonworks.com e-mail domain.

CMG finds it necessary to take this drastic action as, despite repeated telephone
conversations with IMG officers and staff of the need to act immediately on this
extremely urgent matter, we learned today that the gordonworks.com domain continues
to receive messages from IMG affiliated marketers. Specifically, on January 7, I wrote to
you, attached a copy of an Order of Court of Benton County, Washington, against me,
personally, CMG and IMG, enjoining the sending of e-mail messages to James Gordon.
On January 9, John Fonzo, CMG Vice President and General Counsel, wrote to IMG's
Phil Huston, requesting assurances concerning IMG CAN SPAM Act and state anti-Spam
law compliance. (Gordon's lawsuits against CMG was filed pursuant to the Washington
anti-Spam law). On February 2, Mr. Fonzo again wrote to Phil Huston, informing IMG
in writing of our previous oral notification of the Gordon vs. CMG litigation, and raising
indemnification issues under the CMG-IMG Website Development and Marketing
Services Agreement.

It is my understanding that IMG's lawyers have responded in writing to the January 9
letter concerning SPAM law compliance, providing assurances of IMG compliance.
Further, on multiple occasions, CMG has forwarded to IMG several e-mail messages as
provided by James Gordon to me, for research and evaluation as to, among other things,
origin of the messages, any evidence of Gordon opt-ins, as well as evidence of cessation
of messages, to the extent they originated from an IMG affiliated marketer. My staff

CMG 000052

08/06/2004 FRI 12:26    [TX/RX NO 6833] @024

advises that they have had continuous dialogue with IMG technical staff as to these messages, together with certain assurances that proper safeguards were put in place to make certain that additional messages are not sent to Mr. Gordon.

What is equally troubling to me is that IMG was first notified of Gordon's alleged receipt of SPAM in September of 2003, immediately upon CMG's receipt of notice from Gordon of the allegations. Certainly, IMG has had sufficient time to address this serious situation. Thus, you can imagine my confusion, anger and embarrassment when I received from James Gordon on February 7, yet two additional e-mail messages that appeared to have originated from IMG affiliated marketers.

Jeff, it is absolutely imperative that this situation be addressed immediately. Given the long and productive business relationship that CMG and IMG has enjoyed, you must see this demand for IMG affiliated marketers who send messages to gordonworks.com, including the two mentioned above, to cease and desist representing IMG on CMG products as a final effort to get IMG's attention to do what is legally required and commercially responsible.

Please call me immediately upon receipt. At that time, we can direct to the person at IMG who will give this their undivided and immediate attention, the most recent e-mail messages received from James Gordon.

Sincerely,

Robert E. Kane
President & CEO

CMG 000053

EXHIBIT B

### BONNIE F. GORDON
9804 Buckingham Drive
Pasco, WA 99301

Telephone  (509) 210-1069

**TO:**  John Fonzo/Legal Dept.
**FROM:** Bonnie F. Gordon
**DATE:**  March 27, 2006
**SUBJECT:**  Impulse Creates CMG Liability - Case No. CV-04-5125-FVS

The subject lawsuit was filed in the Federal Court - Eastern District of Washington State. I am one of the named third-party defendants. My causes of action against Impulse and its management include violations of federal and state civil and criminal statutes, i.e. Can-Spam, RCW 19.190, RCW 9.35, RCW 19.170, RCW 10.14, RCW 19.86, etc.

I am in possession of discovery materials, which CMG produced for the Gordon v. Commonwealth Marketing Group, Inc. lawsuit. A cursory review of these materials shows that both CMG and Impulse were well aware of the requirements of Washington's laws and the Can-Spam statute. These documents outline a timeline and a series of communications that CMG had with Impulse's Goldstein, Huston, Adamson and others in regards to stopping (illegal) spam.

On January 7, 2004, Robert Kane, then CEO of Commonwealth Marketing Group, Inc., wrote Impulse's Jeff Goldstein - saying, ***"it is imperative that Impulse and any Impulse affiliate marketers take every available step to assure that no message of any kind be transmitted to the network domain: "gordonworks.com"***. By the way, Impulse sent in excess of 1,000 emails to "gordonworks.com" after that letter.

During the past year, Impulse sent over 7,000 emails to me, family, friends, and businesses who host their own personal domains (not gordonworks.com) on our server. Potential civil damages under the various statutes above may exceed ten million dollars prior to any trebling of damages permitted by certain statutes.

If I understand CMG's communications with Impulse in the proper light – CMG is genuinely interested in "reigning in" Impulse's apparent lack of discipline in terms of the requirements of compliance with state and federal laws. If this understanding is true, you will come to my (our) aid to ensure that no unwanted communications are sent to our server, again.

Thank you, in advance, for your assistance.

1

**Impulse Creates CMG Liability  - Case No. CV-04-5125-FVS**

The compact disk which is enclosed with this letter contains email from Impulse
and its agents, which have been sent on behalf of CMG. The file which begins with
"00" is the file which contains all but the most recent IMG spam [there may be some
duplicates]. The file which begins with "0" is incomplete, but represents a low end
estimate of the number of emails sent by Impulse. The Eudora application on the
compact disk is a "free" version of the software that I use for email – you will need it
to access the files – which must then be placed in the directory of the application.

It is our sincere desire to have all domains referenced on the compact disk
immediately blocked from receiving all of your advertisements via email. All of
these domains are referenced (WHOIS) as domains belonging to Washington State
residents.


**Sincerely,**



**Bonnie F. Gordon**

2

Case 2:08-cv-05074-LRS    Document 77    Filed 10/02/09

EXHIBIT C

# CMG Opt Out and Offers Maintenance Page

Email: emily@gordonworks.com

○ Telephone

◉ Email

Query

Opt Out Level to Add:  Opt Out of Everything ▼    Add Opt Out

## Opt Outs for and Offers Sent to Email: emily@gordonworks.com

| Initial Opt Out | Last Opt Out | Opt Out Item Type | Opt Out Item Description |
|---|---|---|---|
| 05/03/2004 15:32:59 | | Opt Out of Everything | Everything |

# CMG Opt Out and Offers Maintenance Page

Email: faye@gordonworks.com

○ Telephone

● Email

Query

Opt Out Level to Add: | Opt Out of Everything ▼ |    Add Opt Out

## Opt Outs for and Offers Sent to Email: faye@gordonworks.com

| Initial Opt Out | Last Opt Out | Opt Out Item Type | Opt Out Item Description |
|---|---|---|---|
| 01/06/2004 11:45:44 | | Opt Out of Everything | Everything |

http://develop/optoutandoffer/optoutandoffer.aspx

CMG 000080        8/22/2004

# CMG Opt Out and Offers Maintenance Page

Email:  james@gordonworks.com

      ○ Telephone             Query

      ◉ Email

Opt Out Level to Add:  Opt Out of Everything       Add Opt Out

## Opt Outs for and Offers Sent to Email: james@gordonworks.com

| Initial Opt Out | Last Opt Out | Opt Out Item Type | Opt Out Item Description |
|---|---|---|---|
| 01/13/2004 17:39:21 | | Opt Out of Everything | Everything |

Case 2:08-cv-05074-LRS    Document 77    Filed 10/02/09

# CMG Opt Out and Offers Maintenance Page

Email:    jamila@gordonworks.com

○ Telephone                          [ Query ]

◉ Email

Opt Out Level to Add:   [ Opt Out of Everything ▾ ]        [ Add Opt Out ]

## Opt Outs for and Offers Sent to Email: jamila@gordonworks.com

| Initial Opt Out | Last Opt Out | Opt Out Item Type | Opt Out Item Description |
|---|---|---|---|
| 01/06/2004 11:45:30 | | Opt Out of Everything | Everything |

CMG 000079        8/22/2004

Case 2:08-cv-05074-LRS    Document 77    Filed 10/02/09

# CMG Opt Out and Offers Maintenance Page

Email:  jay@gordonworks.com

    ○ Telephone

    ◉ Email

Query

Opt Out Level to Add:  Opt Out of Everything  ▼

Add Opt Out

## Opt Outs for and Offers Sent to Email: jay@gordonworks.com

| Initial Opt Out | Last Opt Out | Opt Out Item Type | Opt Out Item Description |
|---|---|---|---|
| 01/06/2004 11:45:10 | 03/22/2004 15:34:22 | Opt Out of Everything | Everything |

CMG 000078    8/22/2004

# CMG Opt Out and Offers Maintenance Page

Email: jonathan@gordonworks.com

○ Telephone

● Email

Query

Opt Out Level to Add: | Opt Out of Everything ▼ |   Add Opt Out

## Opt Outs for and Offers Sent to Email: jonathan@gordonworks.com

| Initial Opt Out | Last Opt Out | Opt Out Item Type | Opt Out Item Description |
|---|---|---|---|
| 03/22/2004 15:37:34 | | Opt Out of Everything | Everything |

EXHIBIT D

X-Persona: <James S. Gordon>
Return-Path: <bounce-jim#rcw19190020.com@115492024.ygcevent.com>
Delivered-To: 8-jim@rcw19190020.com
Received: from localhost by omniinnovations.com
    with SpamAssassin (2.63 2004-01-11);
    Sat, 04 Jun 2005 22:02:38 -0600
From: "Final notice" <bounce-jim#rcw19190020.com@115492024.ygcevent.com>
To: jim@rcw19190020.com
Subject: *****SPAM***** Your new credit line has been approved
X-Spam-Flag: YES
X-Spam-Checker-Version: SpamAssassin 2.63 (2004-01-11) on omniinnovations.com
X-Spam-Level: ******
X-Spam-Status: Yes, hits=6.3 required=3.0 tests=BANKRUPTCY,CLICK_BELOW,
    DATE_MISSING,EXCUSE_14,HTML_40_50,HTML_FONTCOLOR_UNKNOWN,
    HTML_FONT_BIG,HTML_LINK_CLICK_HERE,HTML_MESSAGE,MIME_HTML_ONLY,
    OFFERS_ETC,RECEIVE_OFFER,SELECTED_YOU autolearn=no version=2.63
MIME-Version: 1.0
Content-Type: text/plain; charset=windows-1252; format=flowed
Date: Fri, 17 Jun 2005 06:29:30
Content-transfer-encoding: 8bit

Spam detection software, running on the system "omniinnovations.com", has
identified this incoming email as possible spam.  The original message
has been attached to this so you can view it (if it isn't spam) or block
similar future email.  If you have any questions, see
the administrator of that system for details.

Content preview:  Get a $7500 Platinum Credit Line regardless of credit
 history You have been selected to receive a $7500 Platinum Shopping
 Card from USA Platinum Plus. You're approval is *guaranteed, no matter
 your past credit ratings or history. Even past bankruptcy is OK. [...]

Content analysis details:  (6.3 points, 3.0 required)

| pts | rule name | description |
| --- | --- | --- |
| 1.0 | DATE_MISSING | Missing Date: header |
| 0.9 | BANKRUPTCY | BODY: Avoid Bankrupty |
| 1.1 | RECEIVE_OFFER | BODY: Receive a special offer |
| 2.1 | SELECTED_YOU | BODY: They have selected you for something |
| 0.2 | OFFERS_ETC | BODY: Stop the offers, coupons, discounts etc! |
| 0.2 | EXCUSE_14 | BODY: Tells you how to stop further spam |
| 0.5 | HTML_40_50 | BODY: Message is 40% to 50% HTML |
| 0.1 | HTML_FONTCOLOR_UNKNOWN | BODY: HTML font color is unknown to us |
| 0.1 | HTML_LINK_CLICK_HERE | BODY: HTML link text says "click here" |
| 0.0 | HTML_MESSAGE | BODY: HTML included in message |
| 0.1 | HTML_FONT_BIG | BODY: HTML has a big font |
| 0.1 | MIME_HTML_ONLY | BODY: Message only has text/html MIME parts |
| 0.0 | CLICK_BELOW | Asks you to click below |

The original message was not completely plain text, and may be unsafe to

016

open with some email clients; in particular, it may contain a virus,
or confirm that your address can receive spam. If you wish to view
it, it may be safer to save it to a file and open it with an editor.

Received: (qmail 2179 invoked from network); 4 Jun 2005 22:02:36 -0600
Received: from mta01.ygcevent.com (64.62.249.72)
  by greatnorthwest-alpha.org with SMTP; 4 Jun 2005 22:02:36 -0600
Received: by mta01.ygcevent.com (PowerMTA(TM) v2.0r13) id hk9slo04r2gg; Sat, 4 Jun 2005
20:30:20 -0700 (envelope-from <bounce-jim#rcw19190020.com@115492024.ygcevent.com>)
To: jim@rcw19190020.com
From: "Final notice" <bounce-jim#rcw19190020.com@115492024.ygcevent.com>
Subject: Your new credit line has been approved
Content-Transfer-Encoding: binary
Content-Type: text/html; charset="iso-8859-1"
MIME-Version: 1.0

 SPAM Your new credit .htm

017

X-Persona: <Celia>
Return-Path: <bounce-celia#celiajay.com@116683814.ygcevent.com>
Delivered-To: 11-celia@celiajay.com
Received: (qmail 19362 invoked from network); 18 Jun 2005 02:07:25 -0600
Received: from mta01.ygcevent.com (64.62.249.72)
  by jaycelia.com with SMTP; 18 Jun 2005 02:07:25 -0600
Received: by mta01.ygcevent.com (PowerMTA(TM) v2.0r13) id hmfb3q04r2gn; Sat, 18 Jun
2005 00:45:10 -0700 (envelope-from <bounce-
celia#celiajay.com@116683814.ygcevent.com>)
To: celia@celiajay.com
From: "Final notice" <bounce-celia#celiajay.com@116683814.ygcevent.com>
Subject: Your new credit line has been approved
Content-Transfer-Encoding: 8bit
Content-Type: text/html; charset=iso-8859-1
MIME-Version: 1.0
X-Spam-Checker-Version: SpamAssassin 2.63 (2004-01-11) on omniinnovations.com
X-Spam-Level: ******
X-Spam-Status: No, hits=6.3 required=7.0 tests=BANKRUPTCY,CLICK_BELOW,
    DATE_MISSING,EXCUSE_14,HTML_40_50,HTML_FONTCOLOR_UNKNOWN,
    HTML_FONT_BIG,HTML_LINK_CLICK_HERE,HTML_MESSAGE,MIME_HTML_ONLY,
    OFFERS_ETC,RECEIVE_OFFER,SELECTED_YOU autolearn=no version=2.63
Date: Sun, 19 Jun 2005 10:24:28

## Get a $7500 Platinum Credit Line regardless of credit history

You have been selected to receive a $7500
Platinum Shopping Card from USA Platinum Plus.

You're approval is *guaranteed, no matter your past credit ratings or history.
Even past bankruptcy is OK.

And to help you get your $7,500 Platinum Shopping Card
sooner, there are no employment or credit verifications.

### Your Card is waiting Here

(*see website for terms and conditions)
To opt-out of this offer please click here

If you do not wish to receive special offers, discounts, and
coupons from YourGiftCards.com, please do one of the following:

Use this link to unsubscribe
OR write us at Customer Service
PO Box 390520, Mountain View, CA 94039-0520

018

X-Persona: <indi>
Received: (qmail 4306 invoked from network); 29 Mar 2005 23:31:57 -0000
Received: from unknown (HELO pre-smtp06-01.prod.mesa1.secureserver.net) ([64.202.166.30])
        (envelope-sender <bounce-indi#jammtomm.com@108142659.afgevent.com>)
        by smtp08-01.prod.mesa1.secureserver.net (qmail-ldap-1.03) with SMTP
        for <indi@jammtomm.com>; 29 Mar 2005 23:31:57 -0000
Received: (qmail 22658 invoked from network); 29 Mar 2005 23:31:57 -0000
Received: from unknown (HELO mta01.afgevent.com) ([64.62.249.68])
        (envelope-sender <bounce-indi#jammtomm.com@108142659.afgevent.com>)
        by pre-smtp06-01.prod.mesa1.secureserver.net (qmail-ldap-1.03) with SMTP
        for <indi@jammtomm.com>; 29 Mar 2005 23:31:57 -0000
Received: by mta01.afgevent.com (PowerMTA(TM) v2.0r13) id h97imq04r2gc; Tue, 29 Mar 2005 15:31:56 -0800
(envelope-from <bounce-indi#jammtomm.com@108142659.afgevent.com>)
To: indi@jammtomm.com
From: "Final notice" <bounce-indi#jammtomm.com@108142659.afgevent.com>
Subject: Your new credit line has been approved
Content-Transfer-Encoding: 8bit
Content-Type: text/html; charset=iso-8859-1
MIME-Version: 1.0
X-Nonspam: None
Date: Tue, 29 Mar 2005 16:27:44

## Get a $7500 Platinum Credit Line regardless of credit history

You have been selected to receive a $7500
Platinum Shopping Card from USA Platinum Plus.

You're approval is *guaranteed, no matter your past credit ratings or history. Even past
bankruptcy is OK.

And to help you get your $7,500 Platinum Shopping Card
sooner, there are no employment or credit verifications.

### Your Card is waiting Here

(*see website for terms and conditions)
To opt-out of this offer please click here

If you do not wish to receive special offers, discounts, and
coupons from Anyfreegift.com, please do one of the following:

Use this link to unsubscribe
OR write us at Customer Service
PO Box 390520, Mountain View, CA 94039-0520

EXHIBIT E

 celiajay.com

 208.109.91.7

 Jay Gordon
200 Waldron Avenue
Apt. #4
Richland, Washington 99354
United States

 Gordon, Jay jaygordon@charter.net
200 Waldron Avenue
Apt. #4
Richland, Washington 99354
United States
(509) 943-8858 Fax --

 Gordon, Jay jaygordon@charter.net
200 Waldron Avenue
Apt. #4
Richland, Washington 99354
United States
(509) 943-8858 Fax --

 NS1.GORDONWORKS.COM

 Created: 17-Jun-05
Updated: 20-Jun-07
Expires: 17-Jun-08
Source: whois.godaddy.com

 chiefmusician.net

 208.109.91.7

 Bertrand Griffin II
6607 Gehrig Dr.
Pasco, Washington 99301
United States

 Griffin II, Bertrand bertshawn@aol.com
6607 Gehrig Dr.
Pasco, Washington 99301
United States
(509) 545-1949 Fax --

 Griffin II, Bertrand bertshawn@aol.com
6607 Gehrig Dr.
Pasco, Washington 99301
United States
(509) 545-1949 Fax --

 NS1.GORDONWORKS.COM
NS2.GORDONWORKS.COM

 Created: 13-May-05
Updated: 17-May-07
Expires: 13-May-09
Source: whois.godaddy.com

 ehahome.com

 208.109.91.7

 Emily Abbey
Apt. 608
1407 2nd Ave. W
Seattle, Washington 98119
United States

 Abbey, Emily ehabbey@comcast.net
Apt. 608
1407 2nd Ave. W
Seattle, Washington 98119
United States
(206) 217-0466 Fax --

 Abbey, Emily ehabbey@comcast.net
Apt. 608
1407 2nd Ave. W
Seattle, Washington 98119
United States
(206) 217-0466 Fax --

 NS1.GORDONWORKS.COM
NS2.GORDONWORKS.COM

 Created: 01-Feb-05
Updated: 24-Jan-07
Expires: 01-Feb-08
Source: whois.godaddy.com

 ewaterdragon.com

 208.109.91.7

 Darin Tillinghast
18235 NW Sedgewick Court
Beaverton, Oregon 97006
United States

 Tillinghast, Darin pal@dancingwolf-inc.com
PMB#125 8152 SW Hall Blvd
Beaverton, Oregon 97008
United States
(503) 617-9008

 Tillinghast, Darin pal@dancingwolf-inc.com
PMB#125 8152 SW Hall Blvd
Beaverton, Oregon 97008
United States
(503) 617-9008

 NS1.GORDONWORKS.COM
NS2.GORDONWORKS.COM

 Created: 15-Jul-06
Updated: 15-Jul-07
Expires: 15-Jul-08
Source: whois.godaddy.com

 gordonworks.com

 208.109.91.140

 Omni Innovations, LLC
9804 Buckingham Drive
Pasco, Washington 99301
United States

 Gordon, Jr., James S. jim@gordonworks.com
Omni Innovations, LLC
9804 Buckingham Drive
Pasco, Washington 99301
United States
5092101069 Fax --

 Gordon, Jr., James S. jim@gordonworks.com
Omni Innovations, LLC
9804 Buckingham Drive
Pasco, Washington 99301
United States
5092101069 Fax --

 NS1.GORDONWORKS.COM
NS2.GORDONWORKS.COM

 Created: 19-May-98
Updated: 11-May-07
Expires: 18-May-08
Source: whois.godaddy.com

 itdidnotendright.com

 208.109.91.7

 Omni Innovations, LLC
9804 Buckingham Drive
Pasco, Washington 99301
United States

 Glover-Gordon, Bonnie  bonniefaye@gordonworks.com
Omni Innovations, LLC
9804 Buckingham Drive
Pasco, Washington 99301
United States
5092101069 Fax --

 Glover-Gordon, Bonnie  bonniefaye@gordonworks.com
Omni Innovations, LLC
9804 Buckingham Drive
Pasco, Washington 99301
United States
5092101069 Fax --

 NS1.GORDONWORKS.COM
NS2.GORDONWORKS.COM

 Created: 05-Nov-04
Updated: 27-Oct-06
Expires: 05-Nov-07
Source: whois.godaddy.com

 jammtomm.com

 208.109.91.7

 Jamila Gordon
4175 ZKurth St S
Salem, Oregon 97302
United States

 Gordon, Jamila jamila@charter.net
725 N. North Roosevelt
Wallawalla, Washington 99362
United States
5095267180 Fax --

 Gordon, Jamila jamila@charter.net
725 N. North Roosevelt
Wallawalla, Washington 99362
United States
5095267180 Fax --

 NS1.GORDONWORKS.COM
NS2.GORDONWORKS.COM

 Created: 31-Jan-05
Updated: 11-Feb-07
Expires: 31-Jan-09
Source: whois.godaddy.com

 jaycelia.com

 208.109.91.7

 Jay Gordon
200 Waldron Avenue
Apt. #4
Richland, Washington 99354
United States

 Gordon, Jay jaygordon@charter.net
200 Waldron Avenue
Apt. #4
Richland, Washington 99354
United States
(509) 943-8858 Fax --

 Gordon, Jay jaygordon@charter.net
200 Waldron Avenue
Apt. #4
Richland, Washington 99354
United States
(509) 943-8858 Fax --

 NS1.GORDONWORKS.COM

 Created: 17-Jun-05
Updated: 20-Jun-07
Expires: 17-Jun-08
Source: whois.godaddy.com

 jaykavsplace.com

 208.109.91.7

 Jon Gordon
1725 N. 21st
Apt. #29
Pasco, WA, Washington 99302
United States

 Gordon, Jay jaygordon@charter.net
200 Waldron Avenue
Apt. #4
Richland, Washington 99354
United States
(509) 943-8858 Fax --

 Gordon, Jay jaygordon@charter.net
200 Waldron Avenue
Apt. #4
Richland, Washington 99354
United States
(509) 943-8858 Fax --

 NS1.GORDONWORKS.COM
NS2.GORDONWORKS.COM

 Created: 17-Jun-05
Updated: 20-Jun-07
Expires: 17-Jun-08
Source: whois.godaddy.com

EXHIBIT F

**JAMES S. GORDON, JR.**
**9804 Buckingham Drive**
**Pasco, WA 99301**
**509-210-1069**

TO: Jan Kirkwood, Williams Kastner & Gibbs, PLLC
FROM: Jim Gordon
SUBJECT: **PRESERVATION OF EVIDENCE for Case # 08-2-50143-7**
DATE: February 13, 2008

Your client is required to preserve discoverable evidence related to the lawsuit entitled, Gordon et al versus Virtumundo filed in the Superior Court of Franklin County, Washington in February 7, 2008 [Case # 08-2-50143-7]. It is imperative that your client preserve all such documentary evidence, including discoverable electronic evidence.

The phrase "electronic evidence" refers to all non-privileged text files such as word processing documents, spreadsheets, electronic mail, all Internet history files and preferences, all graphical image files (*i.e.,* JPG., GIF., BMP. And TIFF. files), all databases, calendars and scheduling programs, all computer and network system activity reports and logs, all file fragments and backup tapes, and all data that exists on any of your client's computers. Electronic evidence may also include personally owned computers used by your client's employees.

A party's affirmative and proactive duty to safeguard documentary and tangible evidence, including electronic evidence, is well established. *See, e.g., LEXIS-NEXIS v. Beer*, 41 F.Supp.2d 950, 955 (9th Cir. 1999) (awarding monetary sanctions for destruction of electronic data); *Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F.Supp. 1443 (C.D. Cal. 1985) (imposition of monetary sanctions and striking of defendant chain store's answer and complaint were appropriate sanctions for abuse of discovery and destruction of evidence, including, electronic data, resulting in prejudice to plaintiff manufacturer).

Your client should issue instructions to directors, officers, employees, attorneys, agents and anyone else acting on behalf of or within the control of your client to immediately suspend destruction of documents, things and electronic evidence while this matter is pending, or until such items have been conclusively determined not to contain discoverable evidence.

Electronic evidence is extremely volatile and subject to spoilation. Therefore, to prevent the spoilation of electronic evidence, and to avoid a motion for sanctions arising out of such conduct, we suggest that your client issue immediate written instructions to his employees that direct them to:
• Immediately refrain from the practice of "recycling" backup tapes and storage media.

• Immediately refrain from any activity that would alter or damage data on any computer systems, including deleting, defragmenting, or compressing data, or disposing of any electronic media, including, but not limited, to backup tapes, hard drives, diskettes and CD-ROMs. Immediately refrain from saving new data to media that already contains data (thus overwriting current data). This would necessitate the use of new media (probably diskettes and CD-ROMs or other removable media) to save any newly-created information.
• Immediately refrain from installing new software or files on any media that already contains data.

Please note that the above list is not exhaustive and there are other measures that must be immediately implemented to protect discoverable electronic evidence depending on your client's computer and network configuration. Your client should thus consult immediately with his systems analysts to determine what additional steps should be implemented to meet his obligation to preserve discoverable electronic evidence.

Finally, be advised that the retrieval of electronic evidence can be extremely time-consuming, difficult, and expensive. We understand this and are prepared to work with your client to minimize costs. However, without regard to your client's initial burden to bear the cost of producing documents responsive to discovery requests, be advised that we will expect that your client will bear all additional discovery costs precipitated by your client's failure to preserve discoverable evidence in the manner such evidence existed at the time the duty to preserve evidence arose.

If at any point during the course of this dispute you learn that your client failed to take measures to preserve relevant and discoverable documents, including electronic evidence, or if you believe potentially relevant documents and electronic evidence have been destroyed or made irretrievable, please notify us at once in writing so we can work together to resolve the issue.

This effort to preserve electronic data extends to property that you have seized in the form of computers via the Writ of Execution of November 14, 2007 in the matter of Gordon v. Virtumundo , Case # 07-2-50898-1 filed in the Superior Court of Franklin County, Washington.

Regards,


Jim Gordon

# EXHIBIT G

## SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF FRANKLIN

JAMES S. GORDON, JR., BONNIE F. GORDON, AND JONATHAN K. GORDON, individuals residing in Franklin County, Washington;

    Plaintiff,

  v.

VIRTUMUNDO, INC., ADKNOWLEDGE, INC., SCOTT LYNN, an individual, and John Does 1-10,

    Defendants.

No. 08-2-50143-7

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' PRODUCTION OF EMAIL ARCHIVES OR IN THE ALTERNATIVE TO PRODUCE COPIES OF ALL HARD DRIVES FORMERLY OWNED BY PLAINTIFF

### I.  Introduction

Defendants Virtumundo, Inc., Adknowledge, Inc., and Scott Lynn hold a judgment against Plaintiff James S. Gordon, Jr. for over $100,000. Defendants executed on that judgment. In February 2008 the Franklin County Sheriff seized computers belonging to Gordon and sold them at a public auction. Defendant Virtumundo, Inc. was the highest bidder. Gordon moved this court for the return of the computers on the grounds that hard drives in the computers contained personal information. This Court denied that motion and instead ordered the destruction of the hard drives. Virtumundo complied with that order and the hard drives have been destroyed.

Additionally, Gordon's Motion is improper procedurally and wastes this Court's and Defendants valuable time and resources. Gordon has not served Defendants with interrogatories, requests for production, or any other discovery request to which a response could be compelled. Defendants respectfully request this Court sanction

DEFS.' OPP'N TO PL.'S MOT. TO COMPEL DEFS.'
PRODUCTION OF EMAIL ARCHIVES - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  Gordon for costs and attorney's fees they incurred in
2  opposing it.

## II.   Facts

4      Defendants Virtumundo, Inc., Adknowledge, Inc., and Scott Lynn hold a judgment
5  against Plaintiff James S. Gordon, Jr. for over $100,000. *See* Gordon v. Virtumundo,
6  Inc., 2007 U.S. Dist. LEXIS 55941 (W.D. Wash. Aug. 1, 2007). Defendants executed on
7  that judgment. (Declaration of Derek Linke in Support of Defendants' Opposition to
8  Plaintiffs' Motion to Compel ("Linke Decl.") at ¶ 2, Ex. A.) In February 2008, the
9  Franklin County Sheriff seized computers belonging to Gordon and sold them at a public
10  auction. (Id.) Defendant Virtumundo, Inc. was the highest bidder. (Id.)

11      Gordon moved this court for the return of the computers on the grounds that hard
12  drives in the computers contained personal information. This Court denied that motion
13  and ordered the destruction of the data on the hard drives. (*See* Linke Decl. ¶ 3, Exs. B,
14  C.) Virtumundo complied with that order and the hard drives have been destroyed.
15  (Linke Decl. at ¶ 4.)

## III.   Argument

### A.   There is Nothing to Be Compelled.

18      Rule 37(a)(2)[1] permits a party propounding discovery to seek a court order
19  compelling another party's response to an outstanding discovery request:

20      If a deponent fails to answer a question propounded or submitted under
    rules 30 or 31, or a corporation or other entity fails to make a designation
21      under rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory
    submitted under rule 33, or if a party, in response to a request for inspection
22      submitted under rule 34, fails to respond that inspection will be permitted
    as requested or fails to permit inspection as requested, any party may move
23      for an order compelling an answer or a designation, or an order compelling
    inspection in accordance with the request.

24  No discovery has been served in this matter. Therefore, none of the Defendants have
25  failed to answer or respond to any discovery and there are no answers or responses to

---

27      [1] Gordon's Motion does not include any authority supporting his requested relief.
Defendants assume that references to "documentary and tangible evidence" (Motion at
28  1), "producing" (id. at 2), and "the requirement to confer prior to moving the court to
intervene" (id.) collectively indicate Gordon seeks relief under Rule 37.

DEFS.' OPP'N TO PL.'S MOT. TO COMPEL DEFS.'
PRODUCTION OF EMAIL ARCHIVES - 2

032

1  which this Court could compel a response.  Furthermore, even if there had been discovery

2  requests, Virtumundo complied with this court's order by destroying the hard drives at

3  issue.

4  **B.    Defendants are Entitled to Recover their Fees and Costs Incurred in
           Opposing Gordon's Motion.**

5

6  Upon denying Gordon's improper Motion, this Court should award Defendants

7  their fees and costs incurred in opposing the Motion.  Rule 37(a)(4) provides for an award

8  of sanctions against a party for bringing an unsuccessful motion to compel:

9  If the motion is denied, the court shall, after opportunity for hearing,
   require the moving party [...] to pay to the party [...] who opposed the
10 motion the reasonable expenses incurred in opposing the motion, including
   attorney fees, unless the court finds that the making of the motion was
11 substantially justified or that other circumstances make an award of
   expenses unjust.

12 If this Court denies Gordon's Motion for the reasons in Section III.A, supra, it should

13 award Defendants their reasonable fees and costs.  There is no substantial justification for

14 the Motion–Gordon has not served any discovery on Defendants in this matter, and he

15 was fully aware of this Court's order requiring the destruction of the hard drives.  He

16 knew, or should have known, both that his Motion must fail and that the data he seeks has

17 been destroyed pursuant to court order.

18                              **IV.    Conclusion**

19 Gordon's Motion seeks the impossible: the data he requests has already been

20 destroyed in compliance with court order.  Additionally, his Motion is procedurally

21 improper; there is no answer or response the Court could compel because Gordon has not

22 served Defendants with any discovery requests in this case.  Defendants respectfully

23 request this Court deny Gordon's Motion and award them their reasonable fees and costs

24 in opposing it.

25

26 Respectfully Submitted,

27 **NEWMAN & NEWMAN
   ATTORNEYS AT LAW, LLP**

28

DEFS.' OPP'N TO PL.'S MOT. TO COMPEL DEFS.'
PRODUCTION OF EMAIL ARCHIVES – 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1

2        By:  _____

3             Derck A. Newman, WSBA No. 26967
              Derek Linke, WSBA No. 38314
4             505 Fifth Avenue, Suite 610
              Seattle, Washington  98104
5             Telephone:   206-274-2800
              Facsimile:   206-274-2801
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' OPP'N TO PL.'S MOT. TO COMPEL DEFS.'            NEWMAN & NEWMAN,        505 Fifth Ave. S., Ste. 610
PRODUCTION OF EMAIL ARCHIVES - 4                      ATTORNEYS AT LAW, LLP   Seattle, Washington 98104
                                                                             (206) 274-2800

# EXHIBIT H

From: Cross Roads Auto Loans <CrossRoadsAutoLoans@vm-mail.com>
To: Friend <jim@itdidnotendright.com>
Subject: Get approved in 30 seconds

Images not loading? View this offer by visiting this link

This is an advertisement. If you would like to no longer receive any further email messages from the advertiser above sent by Virtumundo, visit here. Please mail questions or comments about this advertisement to:

Cross Roads Auto Loans 1100 Hammond Drive NE, Suite 410A-202 Atlanta, GA 30328

Please send any questions or concerns about the Virtumundo Rewards program to: Virtumundo, Inc. 8400 West 110th Street Suite 330 Overland Park, KS 66210 or call at 913.660.1300. To remove yourself from receiving further email as a subscriber of Virtumundo Rewards, go to http://www.virtumundo.com/change or visit here. The products and/or services advertised in this email are the sole responsibility of the advertiser, and questions about this offer should be directed to the advertiser.

If you can not see our footer image, please visit here.

035