UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, et. al. ) | NO. CV-08-5074-LRS |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | ORDER GRANTING SUMMARY |
| ) | JUDGMENT FOR DEFENDANTS |
| COMMONWEALTH MARKETING GROUP, INC.,) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| -vs- ) | |
| ) | |
| IMG ASSOCIATES, LLC, ) | |
| ) | |
| Third Party Defendants ) | |
| ) | |
| ) | |

BEFORE THE COURT were various motions, including Defendants' Motion for Summary Judgment. A telephonic hearing was held October 30, 2009. Plaintiff James Gordon participated pro se; Amit Ranade and Howard Morrow participated on behalf of Defendants. The Court having considered the oral and written argument of counsel, enters this Order to memorialize and supplement the oral rulings of the Court.

Importantly, *Gordon v. Virtumundo, Inc.*, __ F.3d ___, 2009 WL 2393433 (9th Cir. August 2006) is applicable and controlling law for the dispositive motion before the Court. The Ninth Circuit Court of

ORDER

Appeals in *Virtumundo* held: 1) Gordon lacks standing as a bona fide Internet access service provider suffering appropriate adverse effects; and 2) the CAN-SPAM Act[1] preempts Gordon's state law claims to the extent they allege more than fraudulent conduct.

This Court found that the facts material to those holdings in this case are those demonstrating that: 1) Gordon is not a bona fide Internet access service provider; 2) he has not suffered any adverse effects unique to Internet access service providers; and 3) he does not allege fraud in connection with his state law claims. The record evidence confirmed there is no genuine issue of material fact and the facts material in this case are identical to the material facts in *Virtumundo*. Based on the Ninth Circuit's reasoning in *Virtumundo*, this Court concludes Gordon lacks standing for his CAN-SPAM Act claims. Gordon's state claims under the Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, are preempted as Gordon has not adequately pleaded nor developed the record to allege fraud as part of his CEMA claims.

As for the contract claim, the Court finds that although it is questionable whether the notice requirement was deficient under the allegedly breached settlement agreement between Plaintiff Gordon and Defendant CMG, the Court finds that Gordon has not shown cognizable damages (resulting harm) stemming from the alleged breach. Absent the harm element, Gordon's contract claim is also dismissed.

---

[1] Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM Act").

ORDER

Accordingly, **IT IS ORDERED** that:

1. Defendants' Motion For Summary Judgment, **Ct. Rec. 61**, is **GRANTED**. All claims against Defendants are dismissed.

2. Plaintiff's Motion to Issue Subpoenas, **Ct. Rec. 42**, is **DENIED**.

3. Plaintiff's Motion for Sanctions, **Ct. Rec. 44**, is **DENIED**.

4. Plaintiff's Motion for Extension of Time to Complete Discovery, **Ct. Rec. 70**, is **DENIED**.

5. Plaintiff'S Motion for Leave to File Surreply, **Ct. Rec. 86**, is **GRANTED**. Plaintiff's Motion to Expedite, **Ct. Rec. 85**, is **DENIED AS MOOT**.

6. Plaintiff's Motion for Partial Summary Judgment, **Ct. Rec. 75**, is **DENIED as MOOT** based on the dismissal of all claims against defendants above.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and judgment accordingly, provide copies to counsel, and close this file.

**DATED** this 9th day of November, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER