UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., Franklin County, Washington, | ) ) ) NO. CV-08-5074-LRS |
| Plaintiff, | ) ) |
| -vs- | ) ORDER DENYING PLAINTIFF'S ) MOTION FOR RECONSIDERATION |
| COMMONWEALTH MARKETING GROUP, INC., AND JOHN DOES, 1-10, | ) ) |
| Defendants, | ) ) |
| -vs- | ) ) |
| IMG ASSOCIATES, LLC, a Georgia limited liability company, | ) ) ) |
| Third Party Defendant. | ) ) ) |

BEFORE THE COURT is Plaintiff James Gordon's Motion For Reconsideration Under FRCP 60, Ct. Rec. 99, filed on November 19, 2009.

On November 9, 2009, the Court entered an "Order Granting Summary Judgment for Defendants," Ct. Rec. 91, and a "Judgment," Ct. Rec. 92. The Court construes pro se Plaintiff's motion for reconsideration as a motion for relief of judgment or order pursuant to Federal Rules of Civil Procedure Rule 60(b).

ORDER - 1

Plaintiff Gordon argues that he "was not afforded access to this court that defendants enjoyed." Plaintiff further argues that his motions were ignored and that defendants' summary judgment motion did not allow him to obtain discovery, which was unfair to him. Plaintiff also raises various arguments pertaining to the Court's case management, legal analysis and Defendants' alleged fraudulent conduct. Finally, Plaintiff appears to reargue that defendants allegedly have no right to send commercial email. Ct. Rec. 99.

Defendants respond, in opposition, that Plaintiff fails to identify any proper basis for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Further, Plaintiff ignores the dispositive effect of *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009) ("Virtumundo"). The Court agrees with Defendants.

Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Engleson v. Burlington Northern R. Co., 972 F.2d 1038, 1044 (9th Cir. 1992) (citations omitted); Ackermann v. United States, 340 U.S. 193, 199-201, 71 S. Ct. 209, 212-13, 95 L.Ed. 207 (1950); Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990). As a threshold condition to any relief under the Rule, Plaintiff must assume the burden of showing a meritorious defense or claim. Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979) (citations omitted). Here, the Court entered judgment against Plaintiff because he lacked standing for his CAN-SPAM[1] Act claims and found that his state claims under the

---

[1] Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM Act").

ORDER - 2

Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, were preempted as Gordon did not adequately plead to allege fraud as part of his CEMA claims.

Plaintiff acknowledges (Ct. Rec. 99, p. 9) that he "was not ready to argue or plead, previously . . ." (matters related to fraud). He now asks the Court to effectively reopen his case. However, to do so, this Court would have to ignore serious jurisdictional and standing to sue issues as well as the legal requirements imposed by FRCP 60.

Importantly, as the Ninth Circuit Court of Appeals in *Virtumundo* held, Gordon lacks standing as a bona fide Internet access service provider suffering appropriate adverse effects. In the current motion under Rule 60(b), Plaintiff has not demonstrated any errors in the previous ruling(s) nor has he raised any other reason justifying relief from the operation of the judgment or that he even has standing.

The Court has reviewed the file, pending Motion, and briefing thereon, and is fully informed. Accordingly, **IT IS ORDERED** that Plaintiff's Motion For Reconsideration Under FRCP 60, **Ct. Rec. 99**, filed on November 19, 2009, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, and provide copies to counsel and *pro se* plaintiff.

**DATED** this 29th day of December, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 3