UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

```
JAMES S. GORDON, et. al.         )   NO. CV-08-5074-LRS
                                 )
              Plaintiffs,        )
                                 )
   -vs-                          )   ORDER GRANTING CMG'S
                                 )   MOTION FOR SUMMARY JUDGMENT
COMMONWEALTH MARKETING GROUP, INC.,)
et. al.,                         )
                                 )
              Defendants.        )
                                 )
   -vs-                          )
                                 )
IMG ASSOCIATES, LLC,             )
                                 )
         Third Party Defendants. )
```

BEFORE THE COURT is Defendant Commonwealth Marketing Group, Inc.'s ("CMG") Motion for Summary Judgment Against IMG Associates, LLC ("Impulse") (ECF No. 121) filed on August 8, 2011, and heard with telephonic argument on September 27, 2011.[1] With the benefit of oral argument and briefing from both CMG and Impulse, the Court enters the following order, which is designed to memorialize and supplement the oral rulings of the Court on September 27, 2011.

Third Patty Defendant IMG Associates LLC ("Impulse, ) was the exclusive provider of internet marketing services for Third Party Plaintiff Commonwealth Marketing Group, Inc. during the period

---

[1] Mr. Gordon did not participate in the telephonic hearing.

ORDER - 1

relevant this case. According to CMG, the parties' Marketing Agreement contains an indemnity clause under which Impulse agreed to defend CMG against any claims arising out of violations of the CAN-SPAM Act of 2003 and other laws governing the transmission of commercial e-mail.

Impulse disputes this interpretation of the Marketing Agreement. Impulse argues that the duty to defend arises only from a breach or default on the part of IMG in the observance or performance of any obligation, covenant, condition or provision of the Marketing Agreement.

The Court found that the duty to defend arises when an arguable claim arises, as occurred under the facts of this case. To accept Impulse's interpretation, the Court would have to ignore the literal meaning of the terms "claim" and "shall defend," which it cannot do. The provision at issue reads:

> 14. <u>Indemnification</u>
> (a) IMG **shall** indemmify, **defend**, (with legal counsel reasonably acceptable to IMF), and hold CMG and its officers, directors, shareholders, agents, affiliates and assigns ("CMG et al")harmless at all times after the Effective Date of this Agreement, from and against and in respect of, **any** liability, **claim**, deficiency, loss, damage, penalty, or injury, and all reasonable costs and expenses (including attorney's fees and costs of any suit related thereto) received, suffered or incurred by CMG et al arising from (i) any breach or default on the part of IMG in the observance or performance of obligation, covenant, condition or provision of this Agreement, (ii) any act outside the scope of IMG's duties in connection with the marketing or distribution of the Program, (iii) any breach by IMG (or any of IMG's marketing affiliates, after receipt by IMG of the notice from CMG of potential violations by such affiliates, or upon proof that IMG otherwise was aware of such violations) of the CAN-SPAM Act of 2003, insofar as it relates, to services provided by IMG, pursuant to this Agreement, (iv) any misrepresentation by, or breach of any covenant or warranty of IMG contained in this Agreement or

ORDER - 2

```
        any instrument furnished or to be furnished by IMG
        hereunder.
```

ECF No. 124-1, Exh. C [emphasis added.]

There is no dispute that Mr. Gordon's statutory claims were covered under the Marketing Agreement's indemnity clause. Mr. Gordon's e-mail production was evidence that Impulse transmitted the e-mails at issue in this case. Impulse rejected CMG's tender under Clause 14(a) based on the merits of the claims. This Court, however, concluded that Plaintiff Gordon lacked standing for his CAN-SPAM Act claims. The Court further found Gordon's state claims under the Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, were preempted as Gordon had not adequately pleaded nor developed the record to allege fraud as part of his CEMA claims. See ECF No. 91.

Impulse's position is contrary to the law governing the parties' Agreement. Under that law, Georgia law, the duty to defend arose when Mr. Gordon alleged statutory violations of the CAN-SPAM Act; the merit of those claims is irrelevant. *See Penn-America Ins. Co. v. Disabled Am. Veterans Inc*., 481 S.E.2d 850, 852 (Ga. Ct. App. 1997) *aff'd* 490 S.E.2d 372 (Ga. 1997). The duty to defend is a separate and distinct obligation from the duty to indemnify and the duty to defend is broader. *Shafe v. Am. States Ins. Co.*, 653 S.E.2d 870, 873 (Ga. Ct. App. 2007). Georgia courts look to the allegations in the complaint and if the facts alleged even arguably bring the occurrence within coverage, the indemnitor has a duty to defend the action. *Landmark Am. Ins. Co. v. Khan*, 705 S.E.2d 707, 710 (Ga. Ct. App. 2011). Indeed, it was Impulse's duty to prove that there were no statutory violations of the CAN-SPAM Act of 2003. Impulse's refusal to defend

ORDER - 3

was a breach of the Marketing Agreement, which damaged CMG forcing it to incur $131,938.93 in defense costs.

Under Georgia law, the duty to defend arises when a covered claim is made, regardless of merit. The Court finds that Impulse breached a duty to defend CMG. As a result of Impulse's breach, CMG incurred $131,938.93 in legal expenses defending against Mr. Gordon's claims. A party that breaches its duty to defend is liable to reimburse the attorneys' fees and costs incurred by the other party in defense of the covered claims. The Court enters a summary judgment in the amount of $131,938.93 against Impulse.

Accordingly, **IT IS ORDERED** that:

1. Defendant Commonwealth Marketing Group, Inc.'s Motion for Summary Judgment Against IMG Associates, LLC, **ECF No. 121**, filed on August 8, 2011, is **GRANTED. Judgment is entered against Third Party Defendant IMG Associates, LLC in the amount of $131,938.93.**

2. The District Court Executive shall prepare and enter a judgment consistent with this order.

3. The District Court Executive shall CLOSE THIS FILE.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, and provide copies to counsel and pro se plaintiff.

**DATED** this 28th day of September, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4